**SIGNED this 14th day of October, 2026**

**Rachel Ralston Mancl**
**UNITED STATES BANKRUPTCY JUDGE**

---

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re<br><br>DELORES LEE REYNOLDS,<br><br>Debtor. | No. 2:25-bk-50898-RRM<br>Chapter 7 |
| RICHARD F. RAY,<br><br>Plaintiff,<br><br>vs.<br><br>DELORES LEE REYNOLDS,<br><br>Defendant. | No. 2:25-ap-05016-RRM<br>Adversary Proceeding |

## MEMORANDUM

APPEARANCES:

Ryan E. Jarrard, Esq.
Quist, Fitzpatrick & Jarrard, PLLC
2121 First Tennessee Plaza
Knoxville, Tennessee 37929
*Attorney for Plaintiff*

Christopher D. Meyer, Esq.
John M. Lassiter, Esq.
Burr & Forman LLP
190 E. Capitol Street, Suite M-100
Jackson, Mississippi 39201
*Attorneys for Defendant*

**Rachel Ralston Mancl, United States Bankruptcy Judge**. Plaintiff Richard Ray was awarded a judgment in the amount of $380,317.29 for the fees he incurred but was not paid as the court-appointed receiver for Fuller Enterprises, LLC. The Chancery Court for Sullivan County, Tennessee, entered the judgment jointly and severally against the debtor Delores Lee Reynolds, her father William J. Robinette, Sr., and her sister Jody Virginia Lynn Stewart, after concluding that "[t]heir request for the appointment of a receiver was made under false pretenses, false representation, and actual fraud that they had any valid interest in Fuller Enterprises, LLC." Mr. Ray asserts that his judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because the debtor sought and obtained his appointment as receiver when she, in the words of the Chancery Court, "attempted to steal and/or fraudulently acquire Fuller Enterprises, LLC from the legal heirs of [her deceased brother] William J. Robinette, Jr." The debtor contends that Mr. Ray has not pled a claim under § 523(a)(2)(A) because "[t]he Complaint does not allege that [she] obtained money, property, or services from the Receiver by fraud, not does it allege that the Receiver conferred any benefit on [her] as a result of the deception." While the benefit of the obtained appointment may have been fleeting—and, in the end, the services costly—the allegations specifically made in the complaint and those incorporated from the attached 30-page final judgment of the Chancery Court satisfy the elements of a § 523(a)(2)(A) claim.

I.

To survive the debtor's motion to dismiss made under Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The purpose of a Rule 12(b)(6) motion is to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Johnstone Supply of Detroit v. Rooks (In re Rooks)*, No. 16-33151, 2017 WL 4404272, at *3 (Bankr. N.D. Ohio Sept. 28, 2017) (quoting *Campbell v. Nationstar Mortgage*, 611 Fed. Appx. 288, 291 (6th Cir. 2015)). Accordingly, the court will assume that all well-pleaded facts are true, view them in a light most favorable to the plaintiff, and resolve any ambiguities in the plaintiff's favor. *Id.* (citing *Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008); and *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

As a preliminary matter, it's the debtor's position that the allegations in the complaint fail to satisfy the pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, incorporated by Fed. R. Bankr. P. 7009, that the circumstances constituting fraud be stated with particularity.

> Rule [9(b)] has the "broad purpose of ensuring that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense." *United States ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Cir. 2008). Therefore, "so long as a relator pleads sufficient detail—in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud—to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." *Id.*

*In re Grenier*, 430 B.R. 446, 451 (E.D. Mich. 2010), *aff'd,* 458 F. App'x 436 (6th Cir. 2012). In *Grenier* the court held that "the Complaint's reference to the state court fraud judgment provided Defendants with sufficient detail concerning the fraud to allow them to prepare a responsive pleading." *Id.* The Chancery Court's fraud judgment here likewise provides the debtor the circumstances of fraud with particularity as follows:

> Pursuant to Paragraph 8 of the (Amended) Order Appointing Receiver for Fuller Enterprises, LLC D/B/A Fuller Paving filed September 27, 2021, the Court, in its inherent authority and power based upon the Individual Plaintiffs' improper, willful, intentional, and malicious actions of falsifying documents, records, and information to support their claims hereby assesses the Receiver's compensation, expenses, and costs to the Individual Plaintiffs. The Individual Plaintiffs requested the appointment and services of a receiver. Their request for the appointment of a receiver was made under false pretenses, false representation, and actual fraud that they had any valid interest in Fuller Enterprises, LLC. But for the Individual Plaintiffs' willful and intentional false, misleading, and fraudulent assertions and fraudulent documents to support their Verified Complaint and Amended Verified Complaint, this Court would not have appointed the Receiver.

And if that were not enough, paragraphs 5 through 19 of the complaint supply the "who, what, when, where, and how" regarding the fraud. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)). Together the complaint and judgment provide fair notice to the debtor of the substance of the fraud so that she may prepare a responsive pleading.

II.

Section 523(a)(2)(A) excepts from discharge a debt for money, property, or services obtained by false pretenses, a false representation, or actual fraud. The debtor asserts that Mr. Ray has not established the elements for nondischargeability under § 523(a)(2)(A) as articulated by the Sixth Circuit in *Rembert*, which requires a material misrepresentation the debtor knew to be false, an intent to deceive, justifiable reliance by the creditor, and proximate causation of loss. *See Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998). The *Rembert* framework does not exhaust the reach of § 523(a)(2)(A). "The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud … that can be effected without a false representation" because "a false representation has never been a required element of 'actual fraud'…." *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359-362 (2016). "When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code." *Mellon Bank N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001). "To except a debt based on actual fraud, the creditor must prove: (1) the debtor committed actual fraud; (2) the debtor obtained money, property, services, or credit by the actual fraud; and (3) the debt arises from the actual fraud." *Laake v. Goll (In re Goll)*, No. 23-13341 MER, 2026 WL 235947, at *9 (Bankr. D. Colo. Jan. 27, 2026).

> "'Actual fraud' has two parts: actual and fraud." *Husky International Electronics v. Ritz*, 578 U.S. 356, 360, 136 S. Ct. 1581, 194 L. Ed. 2d 655 (2016). The word "actual," in the context of common-law fraud, denotes any fraud that involves moral turpitude or intentional wrong. *Id.* (quoting *Neal v. Clark*, 95 U.S. 704, 709, 24 L. Ed. 586 (1878)); *Field*, 516 U.S. at 69, 116 S. Ct. 437 (holding that the word "fraud" contains the elements ascribed to it at common law). The word "fraud" encompasses all the multifarious means that human ingenuity can design to gain an advantage over another, making a rigid and precise definition not only useless, but essentially unworkable. *See, Husky*, 578 U.S. at 360, 136 S. Ct. 1581; *see also, In re Hunter*, 535 B.R. at 213. Accordingly, anything that counts as "fraud" and that is done with wrongful intent is "actual fraud." *Husky*, 578 U.S. at 360, 136 S. Ct. 1581.

*Rable v. Childers (In re Childers)*, 651 B.R. 699, 733 (Bankr. N.D. Ohio 2023).

The debtor owes Mr. Ray a judgment debt of $380,317.29 for his unpaid fees from his work as the receiver for Fuller Enterprises. The complaint points to the actual fraud of the debtor

in falsely attempting to establish ownership of Fuller Enterprises to obtain the appointment of a receiver. As the court stated, the receiver would not have been appointed "[b]ut for the [the debtor's use of] willful and intentional false, misleading, and fraudulent assertions and fraudulent documents …." A logical inference is that but for that fraud Mr. Ray likewise would not have accepted the appointment. The Chancery Court found that the "actions of falsifying documents, records, and information" to support the claim of ownership were "improper, willful, intentional, and malicious." "In most jurisdictions it is held that where the appointment of a receiver is wrongfully made, causing the property of innocent persons to be wrongfully sequestered, that equity and jurisdiction require that the party at whose instance the wrong was done bear the burden." *Sklar v. Bernstein*, 7 Tenn. App. 593, 601–02 (Tenn. Ct. App. 1928); *see also* 75 C.J.S. *Receivers* § 458 (April 2026 Update) ("Ordinarily, one who causes or procures the wrongful appointment of a receiver is liable for all the damages caused thereby."). That is apparently what the Chancery Court did—entered judgment against the debtor, her father, and her sister jointly and severally to bear the burden of the receiver's fees that remained unpaid. Mr. Ray alleges a debt for the services of the receiver that the debtor obtained by false pretenses, a false representation, and actual fraud.

The debtor relies on *Metcalf v. Waters (In re Waters)*, 239 B.R. 893 (Bankr. W.D. Tenn. 1999), for the proposition that § 523(a)(2)(A) requires a debtor to have personally received a benefit. *Waters* involved an attorney that concealed his negligence by lying to his clients for several months about the dismissal of their personal injury lawsuit. *Id.* at 896. The clients identified the fraud underlying their § 523(a)(2)(A) claim as the attorney's concealment of the dismissal. *Id.* at 901. The bankruptcy court reasoned that because the debtor's deception consisted of covering up a loss that had already happened, he did not procure anything: no money, property, or services were obtained by anyone as a result of his deception. *Id.* at 902-03. Although describing a circuit split in detail, the court specifically took no position on what benefit a debtor must receive for § 523(a)(2)(A) to apply. *Id.* at 902. The court suggested only that the Sixth Circuit "appears to favor" the benefits theory: the view that a creditor must prove the debtor directly or indirectly obtained some tangible or intangible financial benefit. *Id.* at 901-02 (*citing Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172 (6th Cir. 1996)). That conclusion itself was drawn from *Brady v. McAllister*, which the *Waters* court carefully noted had not decided that question. *Id.* There was simply no need for the *Waters* court to decide what benefit a debtor must

receive because it found that the deception at issue did not procure any money, property, or services that would cause § 523(a)(2)(A) to be applicable. *Waters* does not stand for the broad proposition that the debtor would have this court accept.

The Sixth Circuit authority on which *Waters* relied does not stand for that broad proposition either. In *Brady* the court held only that it "reject[ed] debtor's implication that a debt is nondischargeable under section 523(a)(2)(A) only when the creditor proves that the debtor directly and personally received every dollar lost by the creditor." *In re Brady*, 101 F.3d at 1172. More recently, the Sixth Circuit acknowledged a circuit split on whether the debtor must obtain something from the fraud and declined to resolve the question because the debtor in that case "clearly obtained a financial benefit from his fraud." *In re Leonard*, 644 F. App'x 612, 619 (6th Cir. 2016). The court explained, "[e]ven the stricter reading of subsection (a)(2)(A) does not rigidly require plaintiffs to prove the direct transfer of money from a creditor to a debtor." *Id.* It is enough to show that the debtor "indirectly obtained some tangible or intangible financial benefit…" *Id.* (quoting *In re Brady*, 101 F.3d at 1172). Like *Waters* and *Leonard*, this court also does not need to decide at this stage what benefit the debtor must receive. The purpose of the debtor's attempt to steal or fraudulently acquire Fuller Enterprises, as described by the Chancery Court, was to gain the financial windfall associated with ownership of the company. Placing the company in receivership, and thereby removing the management of its own financial affairs, was a step towards that end. Accepting the allegations as true, the complaint plausibly alleges that the debtor obtained at the very least an indirect, intangible financial benefit from the receiver's services.

Finally, the debtor contends there is no direct link between the fraud alleged and the appointment of the receiver, citing *Dell v. Ables (In re Ables)*, 302 B.R. 917 (Bankr. M.D. Fla. 2003), for the proposition that courts have rejected attempts to repackage fraud on a court as fraud against a party for professional fees. In *Ables* the debtor and his former wife retained counsel for an adoption, which was finalized. *Id.* at 919. However, the state court subsequently annulled the adoption, finding that the birth mother had been coerced into giving up her child. *Id.* The state court found that the debtor had committed a fraud on the court by signing the adoption petition, which falsely claimed a blood relationship with the birth mother. *Id.* The debtor's ex-wife filed a legal malpractice action for services rendered in connection with the adoption, and the attorneys

filed a nondischargeability action against the debtor seeking to except from discharge any third-party claims that might arise. *Id.* The attorneys argued that the debtor's fraud on the court in signing the adoption petition was the predicate fraud for their § 523(a)(2)(A) claim, but the court found no causal connection between the debtor's fraud in signing the petition for adoption and the attorneys' provision of services. *Id.* The court reasoned that the state court made no finding that the debtor fraudulently induced the attorneys to represent him, and that for a debt to be nondischargeable under § 523(a)(2)(A) there must be a direct link between the fraud and the obtaining of services. *Id.* at 921–22. The present situation is markedly different. The Chancery Court explicitly cited the debtor's fraudulent actions as the express reason the receiver was appointed, and the causal connection missing in *Ables* is apparent on the face of the Chancery Court's judgment.

The complaint alleges that the debtor, her father, and her sister attempted to steal Fuller Enterprises, lied to the Chancery Court in pursuit of that goal, and produced a fabricated and forged operating agreement in support of their motion to appoint a receiver. When the debtor states that "[a]t best the Complaint alleges that [the debtor] and her Chancery Court Litigation coplaintiffs made improper filings or misrepresentations to the Chancery Court … which allegedly led the Chancery Court to impose a receivership" the debtor simultaneously demonstrates that she precisely understands the fraud Mr. Ray is alleging and that it is pleaded in the adversary complaint. In summary, the debtor's lying to the Chancery Court with the intent to steal Fuller Enterprises is the fraud Mr. Ray asserts she perpetrated, and the adversary complaint and attached Chancery Court judgment clearly describe a scheme to deprive another of property or a legal right—actual fraud. The use of deception to obtain the appointment of a receiver in furtherance of the claim of ownership resulted in the indebtedness of $380,317.29 owed to Mr. Ray, representing the unpaid fees for services he provided as receiver. The elements of a claim under § 523(a)(2)(A) have been pled.

III.

In concluding, the court notes that Mr. Ray quotes 11 U.S.C. § 523(a)(6) in his response. The debtor replied that the statute was not pled in the complaint. The court agrees that § 523(a)(6) was not included in the complaint. Its inclusion in the response to the motion to dismiss appears inadvertent, as Mr. Ray has not otherwise asserted that the debt owed to him is nondischargeable

under this provision. Accordingly, the court limits its analysis to § 523(a)(2)(A), the only claim Mr. Ray asserts in his complaint, and for the foregoing reasons will enter an order denying the motion to dismiss the complaint contemporaneously with the filing of this memorandum opinion.

# # #